# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL AND RACHELLE GLENN,

        *Plaintiff*s,

vs.

THE PROCTOR & GAMBLE COMPANY
et al.,

        *Defendants.*

Case No. 07-4144-EFM

## AMENDED ORDER

This matter came before the Court for hearing on the 9th day of October, 2009, on the following motions: Defendant The Gillette Company's Motion For Leave To File Supplemental Affidavit Regarding Its Motion For Summary Judgment And For The Court To Reconsider (Doc. 178); Defendants' Motion in Limine (Doc. 192); Plaintiffs' Motion in Limine Regarding Mention of Insurance (Doc. 197); and Plaintiffs' Motion in Limine To Prohibit Reference To Smoking (Doc. 199). Also before the Court was Defendants' Objections to Plaintiffs' Final Witness and Exhibit List Disclosures Required By Fed. R. Civ. P. 26(a)(3) (Doc. 194), Plaintiffs' Objections to Defendants' Final Witness and Exhibit Disclosures (Doc. 195), Plaintiffs' Counter Designation and Objection to Defendants' Designation of Certain Deposition Testimony of Albrecht Weller (Doc. 196), and Defendants' Objections to Plaintiffs' Counter-Designations of Dr. Albrecht Weller's Deposition Testimony (Doc. 207). Plaintiffs appeared by counsel, Pedro Irigonegaray and Todd

Butler, and Defendants appeared by counsel, James Jarrow and Marcos Barbosa. Rule 615 was invoked. Any modification to the exclusion will be taken up on the morning of trial.

Upon examining its files and hearing the evidence presented, the Court finds the following: Defendant The Gillette Company's Motion For Leave To File Supplemental Affidavit Regarding Its Motion For Summary Judgment And For The Court To Reconsider (Doc. 178) is denied.

Defendants' Motion in Limine (Doc. 192) has fifteen specific issues. With respect to issues one, three, four, five, six, seven, nine, ten, twelve, thirteen, fourteen, fifteen, it is granted. With respect to issue two, it is denied to the extent that it goes beyond prohibiting Plaintiffs from arguing that Defendants should have known that their product causes fires and is dangerous because fires have occurred in other cases. With respect to issue eight, it too is denied. However, at trial, Plaintiffs' counsel is to sever Mr. Walker's testimony into two parts. In the first part, counsel is to lay a foundation. After foundation is laid, defense counsel can request a bench conference and the Court will entertain their foundation objections at that time. With respect to issue eleven, the Court finds it moot.

Plaintiffs' Motion in Limine Regarding Mention of Insurance (Doc. 197) has four issues. All four issues are granted. In regards to issue four, the Court finds that a limiting instruction should be given at the time the evidence is received and be included in the instructions given to the jury. As for Plaintiffs' Motion in Limine To Prohibit Reference To Smoking (Doc. 199), the Court defers it ruling.

Defendants' Objections to Plaintiffs' Final Witness and Exhibit List Disclosures Required By Fed. R. Civ. P. 26(a)(3) (Doc. 194) contains multiple objections. Objections to witnesses three, four, five, nine, and thirteen are sustained. Objections to witness seven and potential witnesses are

overruled.  With regards to counsel's objections to exhibits one, three, four, five, thirteen, fourteen, fifteen, the Court defers its ruling and will address these issues at trial.  With regards to objections to exhibits two, seven, eight, nine, eleven, twelve, eighteen, twenty-six(a)(1)(I) to (x), twenty-seven, thirty-one, thirty-two, forty, forty-one, forty-two, forty-three, forty-four, forty-five, forty-six, and forty-seven, the Court sustains them.  With regards to counsel's objections to exhibits twenty-six(a)(1)(xi) and (xiii), twenty-eight, and all other exhibits that Plaintiffs may offer at trial, the Court overrules them.

Plaintiffs' Objections to Defendants' Final Witness and Exhibit Disclosures (Doc. 195) contains two objections.  As of now, objection one is sustained.  Objection two will be addressed at trial if it arises.

Plaintiffs' Counter Designation and Objection to Defendants' Designation of Certain Deposition Testimony of Albrecht Weller (Doc. 196) contains one objection to Defendants' designation of deposition.  That objection is sustained.

Defendants' Objections to Plaintiffs' Counter-Designations of Dr. Albrecht Weller's Deposition Testimony (Doc. 207) contains numerous objections to Plaintiffs' designation of deposition. Objections to testimony contained on pages 12, 19, 20, 21, 34, 44, 45, 138, and 140 are overruled.  Objections to testimony on pages 22, 46, 47, 82, 83, 85, 86, and 87 are sustained.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant The Gillette Company's Motion For Leave To File Supplemental Affidavit Regarding Its Motion For Summary Judgment And For The Court To Reconsider (Doc. 178) is hereby DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Doc. 192) is hereby GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine Regarding Mention of Insurance (Doc. 197) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Defendants' Objections to Plaintiffs' Final Witness and Exhibit List Disclosures Required By Fed. R. Civ. P. 26(a)(3) (Doc. 194) is hereby SUSTAINED in part and OVERRULED in part.

**IT IS FURTHER ORDERED** that Plaintiffs' Objections to Defendants' Final Witness and Exhibit Disclosures (Doc. 195) is hereby SUSTAINED in part.

**IT IS FURTHER ORDERED** that Plaintiffs' Counter Designation and Objection to Defendants' Designation of Certain Deposition Testimony of Albrecht Weller (Doc. 196) is hereby SUSTAINED.

**IT IS FURTHER ORDERED** that Defendants' Objections to Plaintiffs' Counter-Designations of Dr. Albrecht Weller's Deposition Testimony (Doc. 207) is hereby SUSTAINED in part and OVERRULED in part.

**IT IS SO ORDERED.**

Dated this 10th day of October, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE